UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN FREDERICK,<br><br>    Plaintiff,<br><br>v.<br><br>SKILLSOFT CORPORATION,<br><br>    Defendant. | Civil Action No. 04-10066 WGY |

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, SkillSoft Corporation ("SkillSoft") hereby answers the Complaint of the Plaintiff, John Frederick ("Plaintiff") as follows:

1. SkillSoft is without knowledge or information sufficient to answer or deny the allegations of Complaint ¶ 1 and, therefore, denies same.

2. SkillSoft admits the allegations of Complaint ¶ 2.

3. SkillSoft denies the first sentence of Complaint ¶ 3. SkillSoft is without knowledge or information sufficient to answer or deny the allegations of the second sentence of Complaint ¶ 3.

4. SkillSoft denies the allegations of Complaint ¶ 4.

5. SkillSoft denies the allegations of Complaint ¶ 5.

6. SkillSoft admits that Plaintiff was compensated for his work at SmartForce and that his compensation included base pay and commissions. SkillSoft denies that SmartForce failed to pay compensation to Plaintiff.

7. SkillSoft denies the allegations of Complaint ¶ 7.

8. SkillSoft denies the allegations of Complaint ¶ 8.

9. SkillSoft denies the allegations of Complaint ¶ 9.

10. SkillSoft admits that it has refused to pay the commissions and severance package claimed by Plaintiff in the above-captioned action. SkillSoft denies the remaining allegations of Complaint ¶ 10.

## AFFIRMATIVE DEFENSES

SkillSoft states the following affirmative defenses to Plaintiff's Complaint:

### First Affirmative Defense

The Complaint should be dismissed on the grounds of improper venue.

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

The Complaint should be dismissed on the grounds of *forum non conveniens*.

### Fourth Affirmative Defense

Plaintiff is barred from recovery herein by operation of the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff is barred from recovery herein by operation of the doctrine of estoppel.

### Sixth Affirmative Defense

Plaintiff is barred from recovery because of its failure to mitigate its damages, if any.

### Seventh Affirmative Defense

Plaintiff is barred from recovery in whole or in part by operation of the doctrine of set-off.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the statute of frauds.

### Tenth Affirmative Defense

With respect to all claims founded upon the alleged existence of a contract requiring SmartForce to pay compensation to Plaintiff for developments costs allegedly paid by Provant, the existence of which is expressly denied, any such alleged contract is void and unenforceable because of Plaintiff's prior breaches.

### Eleventh Affirmative Defense

Plaintiff is barred from recovery because, in whole or in part, by reason of the lack of actual and/or apparent authority on the part of any person acting or purporting to act for SkillSoft and/or SmartForce.

### **RESERVATION OF RIGHTS CLAUSE**

SkillSoft reserves the right to amend its answer and to assert any additional affirmative defense as may become available or apparent during the course of discovery in this case.

## JURY DEMAND

SkillSoft requests a trial by jury on all issues so triable.

Respectfully submitted,

SKILLSOFT CORPORATION,

By its attorneys,

_____
Kent D.B. Sinclair (BBO No. 639597)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Dated: March 4, 2004                (617) 946-4800

## CERTIFICATE OF SERVICE

I, Kent D.B. Sinclair, hereby certify that on March 4, 2004, I served a copy of the foregoing document by first class mail to John L. Sullivan, Esq., Seven MacDonald Terrace, P.O. Box 11, Scituate, MA. 02066.

_____
Kent D.B. Sinclair

BO1 15627196.1